UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT PIERCE DIVISION

VIVA REESE                                            Case No.

        Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

A Foreign Corporation,

and

EXPRESS SCRIPTS, INC.,

A Foreign Corporation,

        Defendants.

## COMPLAINT

The Plaintiff, VIVA REESE, by and through undersigned counsel, hereby files this Complaint against METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") and EXPRESS SCRIPTS, INC. ("ESI"), and alleges:

1.      This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., specifically § 1132 (a)(1)(b) and an action for breach of contract under a non-ERISA income replacement plan.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367(a).

3.  Venue is proper in the United States District Court for the Southern District of Florida, where the breach of the employee benefits contract between the parties took place.

4.  At all times material hereto, Plaintiff's employer ESI sponsored and funded a short-term disability income replacement policy ("STD Policy"), for which ESI has failed and refused to produce the governing documents upon request and a long-term disability insurance policy underwritten and administered by Defendant METLIFE through an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) and other valuable benefits. A copy of the METLIFE long term disability insurance policy is attached hereto as Exhibit "A".

5.  Defendant METLIFE is a foreign corporation engaged in insurance business in Ft. Pierce, Florida.

6.  METLIFE was a claims "fiduciary" within the meaning of 29 U.S.C. § 1104 of the employee benefit plan established by Plaintiff's employer at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

7.  Defendant METLIFE makes the final decision to deny claims under the long-term disability policy providing benefits to Plaintiff and bore the ultimate responsibility for paying said benefits, creating an inherent conflict of interest between METLIFE's duties to

2

the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

8. Defendant METLIFE has a substantial conflict of interest and its decision to deny the long-term disability insurance benefits at issue was materially influenced by its conflict of interest.

9. Defendant METLIFE has failed to apply the provisions of the long-term disability insurance policy consistently with respect to similarly situated claimants.

10. Defendant's METLIFE's notice of denial letters failed to comply with 29 CFR § 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

11. Defendant's METLIFE's plan documents fail to comply with 29 CFR § 2560.503-1 as well as the "full and fair review" provisions of ERISA.

12. Defendant METLIFE has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR § 2560.503-1(j).

13. Defendant METLIFE has failed to comply with the provisions of 29 CFR § 2560.503-1(b), 29 CFR § 2560.503-1(f), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h),

and 29 CFR § 2560.503-1(I) in its administration of Plaintiff's claim.

14. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

15. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action for Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against METLIFE

16. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically restated therein.

17. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by METLIFE at all times material hereto.

18. Defendant METLIFE has failed and refused to pay the Plaintiff sums due

pursuant to the long-term disability insurance policy funded and administered by METLIFE, at all times material hereto.

19. Defendant METLIFE has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1 and has denied coverage under the terms of the long-term disability plan.

20. Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

21. Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff VIVA REESE prays for relief from Defendant METROPOLITAN LIFE INSURANCE COMPANY for benefits due pursuant to the long-term disability insurance policy funded and administered by Defendant METROPOLITAN LIFE INSURANCE COMPANY pursuant to 29 U.S.C. § 1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

**COUNT TWO**
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C. § 1132 (a)(1)(B)**
**Against METLIFE**

22. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint,

incorporating the same by reference as if specifically restated therein.

23. Plaintiff is entitled to long-term disability benefits pursuant to the long- term disability insurance policy which is the subject of this action.

24. Defendant METLIFE has denied that Plaintiff is entitled to long-term disability insurance benefits.

25. Section § 1132(a)(1)(B) specifically authorizes an action to clarify a plaintiff's rights to benefits subject to insurance policies governed by ERISA like the one in this action.

26. Defendant METLIFE has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

27. Plaintiff is entitled to a declaration that her long-term disability insurance benefits are payable under the long-term disability insurance policy in this action, and is entitled to present evidence of her disability to this effect under the de novo standard.

28. Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff Viva Reese prays for a declaration that she is entitled to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by METROPOLITAN LIFE INSURANCE COMPANY, along with any

ancillary benefits to which she may be entitled as a result of a declaration of her right to same, pursuant to § 1132 (a)(1)(B) plus interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as the Court may deem appropriate.

## COUNT THREE
### Action for Breach of Contract
### Against EXPRESS SCRIPTS, INC.

28. Plaintiff realleges and reavers paragraphs 1 through 4 of this Complaint, incorporating the same by reference as if specifically restated therein.

29. Defendant ESI is a Delaware Corporation located in St, Louis, Missouri.

30. Defendant ESI underwrites and administers though its agents and assigns a non-ERISA Short-Term Disability income replacement policy ("STD Policy"), for which the Summary Plan Description has not been provided by Defendant ESI despite Plaintiff's request.

31. Plaintiff was an employee of ESI who became disabled and has otherwise satisfied all conditions precedent to receipt of benefits pursuant to the STD Policy.

32. Defendant ESI, by and through its agents and/or assigns, has denied that Plaintiff is entitled to short-term disability benefits pursuant to the STD Policy.

33. Defendant ESI has failed and refused to pay the Plaintiff sums due pursuant to the STD Policy, breaching the contract between the parties.

WHEREFORE, Plaintiff VIVA REESE requests judgment against Defendant Express Scripts, Inc. for short-term disability benefits, interest on the claim as allowed by law, court costs, all ancillary benefits to which she is entitled upon payment of short-term disability benefits, and such other and further relief as the Court may deem proper.

>	Respectfully Submitted,
>
>	/s/ William S. Coffman
>	William S. Coffman, Jr. Esquire
>	Florida Bar No. 0188158
>	**COFFMAN LAW**
>	15436 N. Florida Avenue, Suite 103
>	Tampa, Florida 33613
>	(813) 935-7030
>	(813) 935-7277 fax
>	erisa@benefitsdenied.com
>	Trial Counsel for Plaintiff